Case 4:15-cv-02607   Document 7   Filed in TXSD on 11/09/15   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 09, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID WAYNE LAND, TDCJ #1915216, § § Plaintiff, § § v. § § SHERIFF TOMMY GAGE, et al., § § Defendants. § | CIVIL ACTION NO. H-15-2607 |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, David Wayne Land (TDCJ #1915216), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1). Because plaintiff is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering the pleadings, the court concludes that this case will be dismissed for the reasons explained below.

**I.  Background**

Land is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). The defendants are Montgomery County Sheriff Tommy Gage and

Lieutenant Myrick.[1]  As outlined below, Land's Complaint concerns the conditions of his previous confinement at the Montgomery County Jail.

Land alleges that while in custody of the Montgomery County Jail in December of 2013 he volunteered to testify against another inmate identified as Robert L. Wilson, who was in a neighboring cell.[2]  Wilson found out and began to abuse Land by threatening Land's life and the lives of his family.[3]  Jail Administration was reportedly aware of Land's effort to testify against Wilson, and Land told Lieutenant Myrick about Wilson's abuse.[4]  Land was never moved from the "hostile environment" and was subject to Wilson's abuse "night and day" for 160 days.[5]  Land was told by a corporal that Jail Administration was aware of the matter but was "listening in" on Wilson's cell, in hopes to "catch" him making threats to use against him in court.[6]  Land complains that he was used as bait.[7]

Land does not seek damages from the defendants individually. Rather, Land seeks "punitive and monetary damages" from

---

[1] Complaint, Docket Entry No. 1, at 3.

[2] Id. at 4.

[3] Id.

[4] Id.

[5] Id.

[6] Id.

[7] Id.

Montgomery County and a formal apology for the psychological abuse that he endured.[8]

## II. Discussion

### A. Plaintiff Did Not Exhaust Administrative Remedies

Land's Complaint is governed by the Prison Litigation Reform Act ("PLRA"), which requires prisoners to exhaust administrative remedies before filing suit in federal court. See 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file a suit challenging prison conditions. See Booth v. Churner, 121 S. Ct. 1819, 1825 (2001); Porter v. Nussle, 122 S. Ct. 983, 988 (2002); Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006); see also Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

The Montgomery County Jail facility has a two-step grievance process. See Cameron v. Correctional Healthcare Cos., Civil Action No. H-14-1603, 2015 WL 4526932, *3 (S.D. Tex. July 23, 2015). Under the first step an inmate must fill out a grievance form and place it in a sealed envelope stating the allegation or need for the grievance. Id. The Jail's Grievance Officer then reviews and

---

[8] Id. at 3, 4.

investigates each grievance form and returns a written decision to the inmate within 15 days. Id. If the inmate disagrees with the Grievance Officer's decision, the inmate must then complete the second step of the grievance process by filing an appeal to the Jail Administrator. Id. If the inmate does not agree with the Jail Administrator's decision, the inmate may then appeal the decision to the Montgomery County Sheriff, whose decision is final. Id.

Land concedes in his Complaint that he did not exhaust the jail grievance procedure with respect to the claims that he raises in this action.[9] The Fifth Circuit has emphasized that "pre-filing exhaustion of prior grievance process is mandatory" and that district courts lack discretion to excuse a prisoner's failure to exhaust his administrative remedies. Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012). Where the face of the complaint makes clear that an inmate has failed to exhaust administrative remedies, a district court may dismiss the complaint without requesting an answer from the defendants. See Dillon v. Rogers, 596 F.3d 260, 272 n.3 (5th Cir. 2010) (noting that sua sponte dismissal is appropriate where "failure to exhaust is apparent on the face of a plaintiff's complaint") (citing Carbe v. Lappin, 492 F.3d 325, 327-28 (5th Cir. 2007)). Because Land failed to exhaust available administrative remedies before filing suit in federal court, his complaint must be dismissed.

---

[9]Complaint, Docket Entry No. 1, at 3.

## B. Alternatively, the Complaint Fails to State a Claim

Land seeks monetary damages from Montgomery County for the mental anguish that he experienced as a result of being in a hostile environment. To the extent that Land seeks compensatory damages his claims fail as a matter of law because the PLRA, 42 U.S.C. § 1997e(e), bars recovery of these types of damages absent a showing that the plaintiff suffered a physical injury while in custody. The Fifth Circuit has held that allegations of "mental anguish, emotional distress, psychological harm, and insomnia" are barred by § 1997e(e). See Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). Absent an allegation that Land suffered a physical injury in connection with the complained of condition of confinement, his claim for compensatory damages lacks an arguable basis in law and is subject to dismissal for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); Geiger, 404 F.3d at 374.

Moreover, Land has failed to state a claim against Montgomery County or against Sheriff Gage and Lieutenant Myrick in their official capacities as municipal employees. As a unit of local government, Montgomery County cannot be held liable under 42 U.S.C. § 1983 for the actions of officers or employees on a theory of respondeat superior. Monell v. Dep't of Social Servs. of the City of New York, 98 S. Ct. 2018, 2036 (1978). A municipality such as Montgomery County is only liable under § 1983 for a deprivation of rights protected by the Constitution or federal laws that is

-5-

inflicted pursuant to official policy. Id. at 2037-38. Thus, municipal liability under § 1983 requires a showing that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." Bustos v. Martini Club, Inc., 599 F.3d 458, 467 (5th Cir. 2010) (citation omitted).

Land does not allege facts showing that any particular policy caused him to suffer an injury in this instance. As such, his allegations are insufficient to establish municipal liability. See Spiller v. City of Texas City, Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997). For this additional reason, his Complaint will be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Complaint (Docket Entry No. 1) is **DISMISSED with prejudice** for failure to state a claim.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties. The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West**

Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

**SIGNED** at Houston, Texas, on this 9th day of November, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE